IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                    Case No. 25-cv-563

ELIZABETH NELSON
72167 US Highway 2
P.O. Box 11
Odanah, WI  54861,

and

BAD RIVER BAND OF LAKE SUPERIOR
CHIPPEWA INDIANS,
c/o Robert Blanchard, Tribal Chairman
P.O. Box 39
Odanah, WI  54861,

        Defendants.

## COMPLAINT

Plaintiff, the United States of America, for its cause of action alleges that:

JURISDICTION & VENUE

1.  This is a civil action brought by the United States pursuant to 28 U.S.C. § 1345 and 12 U.S.C. § 1715z-13(g)(5).

2.  The leasehold premises being foreclosed on are located in the Town of Odanah, Ashland County, Wisconsin, on real property held in trust and leased to Elizabeth Nelson, by the Bad River Band of Lake Superior Chippewa Indians. The

property is located within the Western District of Wisconsin. A true and correct copy of the July 21, 2004 lease agreement between Elizabeth Nelson and the Bad River Band of Lake Superior Chippewa Indians, Lease No. RL-3975(04), is attached as Exhibit A.

3. The leasehold premises being foreclosed on are subject to a mortgage, described more fully below, which was assigned to the Secretary of Housing and Urban Development (HUD) and which provides that any foreclosure proceeding may take place in a federal district court. Exhibit B at 17. The mortgage further provides that Section 184 of the Housing and Community Development Act grants to any such court the jurisdiction to convey to the Secretary of HUD the remaining life of a lease on the property and to order eviction of the delinquent Borrower. *Id*.

4. Defendant Bad River Band of Lake Superior Chippewa Indians (Bad River Band of Lake Superior Chippewa Tribe) is a federally-recognized tribe under the Indian Reorganization Act of June 18, 1934, 25 U.S.C. § 479a-1. *See also*, 75 Fed. Reg. 60810-01 (October 1, 2010) (listing tribes).

CLAIM FOR FORECLOSURE OF LEASEHOLD MORTGAGE

5. Elizabeth Nelson (Borrower) executed and delivered to Chippewa Valley Bank, the following promissory note (Promissory Note):

| Date | Amount | Exhibit (attached) |
|---|---|---|
| July 23, 2004 | $16,060.01 | B |

6. To secure the Promissory Note, Borrower executed and delivered to Chippewa Valley Bank, the following duly recorded leasehold mortgage (Mortgage):

2

| Date | Exhibit (attached) |
|---|---|
| July 23, 2004 | C |

The Mortgage was recorded in the chain of title for the trust tract by the Bureau of Indian Affairs (BIA) Land Titles and Records Office as Document No. 430 9380.

7. A true and correct copy of the BIA Title Status Report is attached as Exhibit D.

8. The location of the leasehold secured by the Mortgage is described by the following real estate description:

> A parcel of land located withing NE 1/4 SE 1/4, Section 25, Township 48 North, Range 3 West, 4th P.M., Ashland County, Wisconsin, more particularly described as follows:
>
> Commencing at SE corner of said Section 25, thence North, a distance of 2142.00 feet, more or less, thence West, a distance of 561.00 feet, more or less, to the Point of Beginning; thence continuing West a distance of 361.50feet; thence South, a distance of 361.50 feet; thence East, a distance of 361.50 feet; thence North, a distance of 361.50 feet; to the Point of Beginning, containing 3.00 acres, more or less, subject to all valid existing rights-of-way or record.

*See* Exhibits A and C.

9. Plaintiff, through HUD, guaranteed the Mortgage under the provisions of Section 184 of the Housing and Community Development Act (12 U.S.C. § 1715z-13a). A copy of the Indian Loan Guarantee Certificate is attached as Exhibit E.

10. Jackson County Bank assigned the Mortgage to the Secretary of HUD on August 20, 2015, in the following duly recorded Assignment of Mortgage:

| Date | Document No. | Exhibit (attached) |
|---|---|---|
| August 20, 2015 | 430 11463 | F |

The Assignment of Mortgage was recorded in the chain of title for the trust tract by the BIA Land Titles and Records Office. Exhibit D.

11.     The Promissory Note provides that failure to pay any of the debt when due constitutes default, and the Plaintiff may accelerate the debt. Exhibit B, ¶ 6.

12.     The Mortgage provides that if there is a default in the performance or discharge of any obligation in the Mortgage, the Plaintiff may accelerate the Note and foreclose the Mortgage as provided thereunder or by law. Exhibit C, ¶ 22.

13.     The Mortgage Rider provides that if the Mortgage is assigned to the Secretary of HUD, any foreclosure proceeding may take place in a federal district court. Exhibit C at 17, ¶ B. The Mortgage Rider also provides that Section 184 of the Housing and Community Development Act grants to any such court the jurisdiction to convey to the Secretary of HUD the remaining life of a lease on the property and to order eviction of the delinquent Borrower. *Id.*

14.     On or about June 6, 2014, the Borrower was notified by Jackson County Bank, which serviced the Mortgage on behalf of Chippewa Valley Bank, that failure to cure a $890.16 default and to bring the loan current by July 6, 2014, would result in automatic acceleration of the debt and it would become immediately due and payable. Exhibit G.

4

Case: 3:25-cv-00563-wmc   Document #: 1   Filed: 07/03/25   Page 5 of 8

15. The Borrower failed to cure the default and bring the loan current. Exhibit H.

16. By virtue of the lease with the Borrower, Defendant Bad River Band of Lake Superior Chippewa Tribe could claim a right of first refusal to acquire the Borrower's interest in the property upon payment of all sums in arrears, and either payment of the balance of the loan or assumption of the Mortgage. Exhibit A, ¶ 11. That right of first refusal could be exercised, if the Borrower had not cured her default, within 30 days after notice in writing from the lender of the Borrower's default.  Exhibit A, ¶ 11(b).

17. By letter dated July 11, 2014, a copy of which is attached as Exhibit H, Defendant Bad River Band of Lake Superior Chippewa Tribe was notified of the Borrower's default. Defendant Bad River Band of Lake Superior Chippewa Tribe failed to exercise its right of first refusal.

18. Pursuant to its guarantee under Section 184, Plaintiff satisfied the debt, including interests and costs, on or about February 13, 2015, and February 17, 2015. A true and accurate copy of the Single-Family Application of Insurance Benefits is attached as Exhibit I. A true and accurate copy of the authorization for payment from HUD to the Jackson County Bank, with bank account and tax identification numbers redacted, is attached as Exhibit J. The total amount paid by Plaintiff was as follows:

        Principal                     $10,772.55

        Interest                       $     601.96

5

|  |  |
|---|---|
| Preservation and Protection | $   48.00 |
| Insurance | $  674.00 |
| Closing Costs | $   30.00 |
| Total | $12,126.51 |

Exhibits I and J.

19. There are no other liens or interests of record with the BIA on the leasehold interest which is the subject of this action. Exhibit C.

20. All relevant requirements and conditions prescribed in Title 38 U.S.C. § 3762, HUD statutes, rules, and regulations, and the protections within the lease have been complied with.

21. Pursuant to the Mortgage, Borrower agreed that federal law and the provisions of Wis. Stat. § 846.101 govern this Mortgage. Exhibit C, ¶¶ 16, 24. Therefore, the United States requests that the Court order the leasehold interest in the property to be sold by the United States Marshal with redemption rights as set forth in the statute and the Mortgage.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that an accounting be taken under the direction of this Court of what is due for principal and interest on the Promissory Note and Mortgage, and that a decree be entered as follows:

(a) That Borrower pay to Plaintiff the principal of $10,772.55, interest of

$601.96, costs and disbursements of $752.00, for a total of $12,126.51, as provided in the Promissory Note and Mortgage;

(b)    In default of such payments, that all legal rights, title, and interest that the Defendants have in the subject property, including the unexpired term of the lease and any right to renew, as provided by law, be sold at public sale in accordance with 28 U.S.C. §§ 2001-2003, to a member of the Bad River Band of Lake Superior Chippewa Tribe, to the Tribe itself, or an authorized tribal organization, subject to Borrower's right of redemption as provided by law and by the mortgage;

(c)    That the Defendants and all persons claiming or who may claim by, from, or under them be absolutely barred and foreclosed from all rights and equity of redemption in the property;

(d)    That if the proceeds of the sale exceed the sum of money to be paid to Plaintiff, any such excess be deposited with the Clerk of this Court subject to further orders of the Court; and

(e)    For such other and further relief as is just.

7

Dated this 3rd day of July, 2025.

    Respectfully submitted,

    CHADWICK M. ELGERSMA
    Acting United States Attorney

    By:

    */s/Barbara L. Oswald*
    BARBARA L. OSWALD
    Assistant United States Attorney
    222 W Washington Ave, Suite 700
    Madison, Wisconsin 53703
    barbara.oswald@usdoj.gov
    (608) 264-5158